UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

TARA SWEET, CORRINE ARMISON and
BROOKLYNN CLINE,

                              Plaintiffs,           **REPLY MEMORANDUM**

   vs.

                                               Civil Action No.: 6:24-cv-6118

BATAVIA DOWNS CASINO, WESTERN REGIONAL
OFF TRACK BETTING CORP., HENRY WOJTASZEK,
SCOTT KIEDROWSKI, and DANIEL WOOD,

                             **Defendants.**

---

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS MOTION FOR JUDGMENT ON THE PLEADINGS AND IN FURTHER SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants BATAVIA DOWNS CASINO and WESTERN REGIONAL OFF TRACK BETTING CORP. (collectively hereinafter referred to as "Corporate Defendants"), and Henry Wojtaszek (hereinafter "Wojtaszek") (collectively referred to as the "FLSA Defendants") by and through their counsel, Schröder, Joseph & Associates, LLP, submit this reply memorandum of law in opposition to Plaintiffs' cross motion for judgment on the pleadings and in further support of Defendants' motion for judgment dismissing Plaintiffs' First Cause of Action.

### INTRODUCTION

As previously explained in Defendants' moving papers, this is an action in which the First Cause of Action of the Amended Complaint must be dismissed on its merits, based on the

1

pleadings and the documentary evidence attached to the Defendants' Answer.[1] As discussed below, Plaintiffs' arguments to the contrary are without merit.

Ironically, although Plaintiffs recognize that their cross-motion is based on Federal Rule 12 (c) (*see*, Dkt. 13-1 at pages 2 to 3) — which can be decided only upon the pleadings and documentary evidence **"attached to the pleadings or of which the court can take judicial notice."** *See* Dkt. 13-2 at page 3 (citing L-7 Designs, Inc. v. Old Navy LLC, 647 F.3d 419 (2d Cir. 2011)) — Plaintiffs have submitted affidavits which attach documents upon which they improperly have relied to support their motion under Federal Rule 12 (c)[2]. *See, e.g.*, Dkt. Nos. 13-2 to 13-12. By doing so, as discussed below, Plaintiffs have essentially defeated their own cross-motion by making factual arguments that are not supported by the allegations of the pleadings or any documentary evidence attached to those pleadings or any documents of which the "court can take judicial notice." *Id.*

Indeed, even if the Plaintiffs' improper reliance on documents not attached to the pleadings were to be ignored, as discussed below, Plaintiffs have FAILED TO ESTABLISH that the persons whom they claim improperly participated in the tip pool at issue had the authority to exercise "substantial managerial authority."  In contrast, as Defendants' showings, based on documentary evidence attached to the Answer, clearly have established, it must be concluded — as a matter of law — that these individuals were NOT "supervisors" or "managers" within the meaning of the FLSA.

---

[1] Because Plaintiffs have now conceded that Defendant Wojtaszek should not have been named in the First Cause of Action and is not liable with respect to the First Cause of Action (*see, e.g.,* Dkt. No 13-1 at page 2), this issue will not be addressed in this reply memorandum of law.

[2] Plaintiffs, in its memorandum of law, expressly state that they are "incorporating the arguments in Plaintiffs' prior Cross Motion for Judgment on the Pleadings and Memorandum of Law on the issue." (Dkt. No. 22-1). Plaintiffs' prior memorandum of law extensively cites to the affidavits and documents filed with their prior motion, which therefore, are part of and relied upon in support of their current motion. See, Plaintiffs' prior Memorandum of Law at pages 15-19, Dkt.  No. 13-1.

Accordingly, Defendants' motion should be granted and the First Cause of Action should be dismissed with prejudice. Likewise, because Defendant Wojtaszek is named in the First Cause of Action, an order should also be granted dismissing Mr. Wojtaszek from any liability with respect to the First Cause of Action of the Amended Complaint.

**DEFENDANTS' DOCUMENTARY EVIDENCE ATTACHED TO THE VERIFIED ANSWER PLEADINGS CLEARLY SHOWS THAT THERE IS NO MERIT TO PLAINTIFFS' FIRST CAUSE OF ACTION**

The First Cause of Action seeks to recover for Plaintiffs the tips collected by certain purported "supervisors" during the three-year period preceding the agreement reached with Plaintiffs' Union — an agreement that was reached on November 1, 2023 — to not allow non-bargaining members to participate in the tip pool while working as bartenders. Amended Complaint, Dkt. 10, para 17. Defendants have attached documents to the Verified Answer to the Amended Complaint as Exhibits A to H, which indisputably establish that the persons referred to as "supervisors" in the Complaint are NOT supervisors within the meaning of the FLSA and, therefore, these purported "supervisors" were entitled to collect and retain the disputed tips as part of their wages. Exhibit A to H to the Verified Answer consist of the following true and correct documents taken from Defendants' books and records:

**Exhibit A**: The job descriptions for the two assistant supervisors also engaged in bartending duties at the two bars referenced in paragraphs 16 to 23 of the Amended Complaint during the period from November 1, 2020, to November 1, 2023.

**Exhibit B**: Recordings of the amount of time expended by Kara Long and Katie Wishman, the persons whose job descriptions are set forth in Exhibit A, on bartending duties as opposed to supervisory duties during the period from November 1, 2020 to November 1, 2023.

**Exhibit C:**  Payroll records showing the total amount of tips received by third person, David Hughson. These documents show that Mr. Hughson — who is the only other person with the term "supervisor" in his job description who received any tips from the tip pool—received a total of only approximately $2,500 during 2022 and 2023.

**Exhibit D:**  A grievance filed by the Union representing the Plaintiffs stating that the two assistant supervisors were performing "bargaining unit work," i.e., non-supervisory work, and sought, as a remedy, the hiring of additional bartenders.

**Exhibit E:** WROTB's Response to the Grievance citing to position description for the assistant bar supervisors and the long standing past practice of the assistant bar supervisors performing bartending duties as scheduled, which included these employees participating in the tip pool.

 **Exhibit F:** August 30, 2023 memo awarding the position of Assistant Bar Supervisor to Katie Wishman effective on August 27, 2023 and a December 18, 2023 memo returning Katie Wishman to the position of bartender in settlement of the Union's Grievance.

**Exhibit G:**  Printout of the hours of operation of the Rush Bar and other locations, evidencing that the bar was open 7 days a week for a total of 112 hours per week.

**Exhibit H**:  Excerpts from the Collective Bargaining Agreement governing the authority to discipline employees represented by the Union, including the Plaintiffs.

As the foregoing documents indisputably demonstrate, and as discussed in more detail below, the persons who are referred to in the Complaint as "supervisors" and who are alleged to have been unlawfully permitted by Defendants during the three years preceding November 1, 2023 to share in the tip pool at the two bars where Plaintiffs worked are NOT "supervisors" or

"managers" within the meaning of the FLSA. As also discussed below, Plaintiffs have not shown to the contrary.

## THE LACK OF MERIT TO PLAINTIFFS' ARGUMENTS AS TO THE STANDARD

In a misguided effort to avoid dismissal of their First Cause of Action, Plaintiffs have ignored the very language of the regulations which define the "standard" applicable to participation in tip pools. Instead, Plaintiffs have focused their entire argument on the claim that Defendants "cite the wrong standard" (see, e.g., Dkt. at pages 1 to 3), when in fact, there is no distinction between the "job duties test" and the "economic realities," as claimed by Plaintiffs. Plaintiffs need only have looked to the governing regulations to understand this, but instead, have ignored these regulations. Specifically, in order for an employee to be considered a supervisor, and thus, ineligible to participate in a tip pool, the employee's duties must match the duties necessary for the employee to be exempt from the FLSA's overtime provisions as an executive employee. 29 U.S.C. § 203(m)(2)(B) and 29 CFR 531.52 (b) (2). Under the FLSA, in order to be classified as an executive employee, the employee's **primary duty** must be the management of the enterprise or a recognized department. 29 CFR 541.100 (a) (2) (emphasis added). The term "primary duty means the principal, main, major or most important duty the employee performs." 29 CFR 541.700. In addition, an employee "who merely assists a manager of a particular department and supervises two or more employees only in the actual managers' absence does not meet the requirement that the individual 'supervise two or more employees.'" 29 CFR 541.104 (c).

As discussed in Defendants' prior submissions, the description of the assistant bar supervisors' job duties (Exhibit A to the Verified Answer), and the recordings of the amount of time expended by these persons in performing bartending duties (Exhibit B to the Verified

Answer) — as opposed to supervisory duties — clearly and indisputably established that the assistant bar supervisors' primary duties were to work alongside Plaintiffs as bartenders and their supervisory duties, at most, rendered them to be low level supervisors who cannot — as a matter of law — be considered supervisors or employers under the FLSA. Verified Answer, Exhibits A and B, *passim*. This is confirmed, for example, by the position description for the assistant bar supervisors which include among their duties the following: "perform bar tending duties **as scheduled.**"  (Exhibit A, emphasis added). The fact that the assistant supervisors' primary duties when they were scheduled to work at the bar were to perform bartending duties also is confirmed by their time records which document that only 18.76 % of Kara Long's time was spent on "supervisory" or "administrative tasks" (Exhibit B to the Verified Answer). Likewise, Katie Wishman — who only held the "assistant supervisor" position for two months — spent only 8.7% of her time on "supervisory" duties (Exhibit B to Verified Answer).

     Even more importantly, in light of Plaintiffs' misplaced argument that Defendants use the "wrong standard," the case law follows the FLSA regulations — regardless of what terms are used in the decisions applying the foregoing basic rules set forth in the governing regulations. Plaintiffs have not defeated — and cannot defeat — the simple fact that these individuals, whom Plaintiffs claim improperly participated in the tip pools, simply did not have the "substantial managerial authority" which would have disqualified them from participating in the tip pool. To the contrary, Plaintiffs' evidence — evidence that has improperly been introduced on the Rule 12(c) motion — makes no difference whatsoever in the outcome of the pending motions. This is because Plaintiffs' evidence actually fails to establish that these individuals had the "substantial managerial authority" under the "economic realities test" relied upon by Plaintiffs (*see, e.g.,* Dkt. No. 22-1 at page 2).

In contrast to Plaintiffs' alleged "proof," the documentary evidence relied upon by Defendants — and attached as Exhibits to their Answer to the Amended Complaint — clearly shows that only 18.76 % of Kara Long's time was spent on "supervisory" or "administrative tasks" (Exhibit B to the Verified Answer) and that Katie Wishman — who only held the "assistant supervisor" position for two months — spent only 8.7 % of her time on "supervisory" duties (Exhibit B to Verified Answer). Clearly, this establishes that neither of these individuals had the "substantial managerial authority" under the "economic realities test"—the very "standard" Plaintiffs claim to rely upon in defense of their First Cause of Action.

Defendants believe that Plaintiffs' confusion as to the rules of tip pooling under the FLSA are derived from their misplaced belief that just because under the Collective Bargaining Agreement ("CBA") certain individuals were not members of the bargaining unit and, therefore, because they held the job title of "supervisor," this means that these individuals also qualified as "supervisors" under the FLSA and were not entitled to participate in the tip pool. This view by Plaintiffs totally misconstrues the meaning of "supervisor" under the FLSA. What Plaintiffs ignore is that under the FLSA and its underlying regulations, along with the case law decided under the FLSA, these individuals do NOT constitute "supervisors" within the meaning of the FLSA simply because their job title includes the word "supervisor." Therefore, the FLSA does not provide to Plaintiffs an alternative avenue for seeking recovery of these tips — despite the fact that this remedy was NOT sought or obtained by the Union when the grievance was settled on November 1, 2023 by Defendants' agreement that individuals classified as "supervisors" under the CBA would no longer be permitted to perform bartending duties. *See* Amended Complaint, para. 17.

Defendants readily recognize, of course, that "an employer may not allow managers and supervisors to keep any portion of an employee's tips . . ." 29 U.S.C. § 203(m)(2)(B). Under the FLSA, however, the term "manager" or "supervisor" is specifically limited to those employees whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.101 of this chapter." 29 C.F.R. § 531.52 (b) (2). As discussed below, under this FLSA regulation, and the case law interpreting this regulation, a manager or supervisor **does not include** persons whose primary duties — like the persons named as "supervisors" in the Amended Complaint — are to work alongside their union colleagues in performing non-supervisory duties such as bartending.

Under 29 C.F.R. § 541.100(a)(2) through (4), the terms "manager" and "supervisor" are defined for purposes of the FLSA as meaning any employee whose duties match those of an employee who meets the test for the executive employee overtime exemption. Under this regulation, in order for an individual to be classified as a manager or supervisor, it is required that: (a) the individual's "primary duty is management of the enterprise in which the employee is employed or of a customarily cognized department or subdivision; (b) the individual customarily and regularly directs the work of two or more other employees; and (c) the individual "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.00(a) (2) through (4). It is well settled that in order to be classified as a supervisor or manager the employees in question must satisfy **each of the criteria** set forth in 29 C.F.R. § 541.00(a) (2) through (4). *See, e.g., Paganas v. Total Maint. Sol., LLC*, 726 F. App'x 851, 853 (2d Cir. 2018); *Santana v. Rent A Throne, Inc.*, 2018 BL 58104, at *5 (E.D.N.Y. Feb. 21, 2018).

8

Plaintiffs misleadingly state that Defendants have ignored the "economic realities test" in arguing for dismissal of the First Cause of Action when this clearly is not the case. *See, e.g.*, Dkt. 22-1 at page 2. Indeed, Defendants opening memorandum of law clearly employed the "economic realities test" as shown by the following quotation from Defendants' Memorandum of Law: "In determining whether an employee is a manager, **the court must examine the 'economic reality of [the] individual's status in the workplace.**' *See, e.g.*, *Gregori v. Mkt. St. Mgmt., LLC,* 2018 BL 353978, 2018 WH Cases 2d 353978, 2018 U.S. Dist. Lexis 167321 (D. Md. September 28, 2018). Thus, in *Gregori*, the court ruled that it was permissible for two individuals who were claimed to be managers to share in a tip pool where these persons performed primarily service duties and did not have the authority to hire and fire employees even though they performed some minor managerial tasks. *Accord, Gionfriddo v. Jason Zink*, LLC, 769 F. Supp. 2d 890 ( D. Md. 2011). In applying this rule, the Federal Court for the Northern District of Illinois determined that servers who exercised some control over employees, 'such as sending them home, requesting additional staff and supervising their work,' and who 'lacked authority over hiring or firing' are 'at most…low level supervisors who [could not] be considered employers under the FLSA.' *Accord, Morgan v. Speakeasy, LLC*, 625 F. Supp. 2d 632, 653 (N.D. Ill. 2007)." (Emphasis added).

Given the foregoing case law relied upon by Defendants in their opening memorandum of law, it becomes clear that Plaintiffs have made their misleading arguments about the distinctions between the "job duties test" versus the "economic realities test" simply to obfuscate the issues and distract the Court from the realities that defeat Plaintiffs' First Cause of Action. Here, the Court need look no further than the first factor of 29 C.F.R. § 541.00 (a) (2) —that the employees' primary duty must be the management of the enterprise — in order to conclude that

Defendant's assistant bar supervisors do not meet the definition of a manager or supervisor under the FLSA as a matter of law. Again, this is because **each of the criteria** set forth in 29 C.F.R. § 541.00(a) (2) through (4) **must** be met. *See, e.g., Paganas v. Total Maint. Sol., LLC*, *supra* at 853; *Santana v. Rent A Throne, Inc.,* 2018 BL 58104, *supra* at *5 (emphasis added). The regulations define primary duty as "the principal main, or most important duty the employee performs." 29 CFR 541.700 (a). The regulations go on to state that the factors to consider in determining the primary duties of any employee include the relative importance of the exempt [sic management] duties as compared with other types of duties; the amount of time spending performing exempt ][sic management] work; the employee's relative freedom from direct supervision; the relationship between the employee's salary and the wage paid to other employees for the kind of work performed by the employee. 29 CFR 541.700 (a). The regulations provide, with respect to assistant managers, that—if the assistant managers are closely supervised, spend more than 50% of their time on non-managerial duties and are earn little more than the non-managerial employees—then they would not satisfy the "primary duty" requirement. 29 CFR 541700 (c).

Applying this definition and other provisions of the FLSA, Defendants' documentary evidence clearly establishes that the assistant bar supervisors do not satisfy the primary duties test. First, and most importantly, the payroll data demonstrates that over the three-year period at issue, Kara Long spent 81.64% of her time performing non-managerial work and only 18.36% of her time was spent performing administrative or management work. Likewise, Katie Wishman—who only held the position for three months—spent 92% of her time on non-supervisory work and only 8% of her time on administrative or management activities. Exhibit B to the Answer to Amended Complaint.

This separation between "supervisory duties" and bartending duties is confirmed by the position description for assistant bartenders, which expressly states that these employees are expected to provide "bar tending duties **as scheduled."** Exhibit A to the Answer to the Amended Complaint (emphasis added). Thus, the position description does not state "as needed," but instead, expressly provides that these employees will be **specifically scheduled** to provide bartending services.

## CONCLUSION

WHEREFORE, based on Defendants' Notice of Motion, the allegations of the Amended Complaint and Defendants' Verified Answer to the Amended Complaint, as well as the documents referenced in and/or attached to the Answer, including Exhibits A to H of the Verified Answer to the Amended Complaint, Defendants respectfully request that their motion to dismiss the First Cause of Action with prejudice be granted in its entirety.

Dated: Buffalo, New York
      August 16, 2024

Respectfully submitted,

**SCHRÖDER, JOSEPH & ASSOCIATES, LLP**

By: s/ Linda H. Joseph
Linda H. Joseph, Esq.
394 Franklin Street, Second Floor
Buffalo, New York 14202
(716) 881-4902—Telephone
(716) 861-1398—Cell Phone
(716) 881-4909—Fax
ljoseph@sjalegal.com

*Attorneys for Defendants Batavia Downs Casino and Western Regional Off Track Betting Corp.*