UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TARA SWEET, et al.,

                               Plaintiffs,                  DECISION AND ORDER

-vs-

                                                          6:24-cv-06118-MAV

BATAVIA DOWNS CASINO, et al.,

                               Defendants.
_____

## INTRODUCTION

Plaintiffs commenced this action in New York State Supreme Court on January 24, 2024. ECF No. 1–4. Following removal of the action to this Court, Plaintiffs filed an amended complaint on June 20, 2024, alleging in their first cause of action that Defendants Batavia Downs Casino, Western Regional Off Track Betting Corp. ("WROTB"); Henry Wojtaszek, WROTB's Chief Executive Officer; and Scott Kiedrowski, WROTB's Chief Operating Officer (collectively, the "FLSA Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(m)(2)(B), by allowing supervisors to participate in an employee tip pool. ECF No. 10 ¶¶ 1, 8–9, 59–63.

Pending before the Court are partial cross motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rule of Civil Procedure with respect to Plaintiffs' first cause of action. ECF Nos. 13, 20, 22. For the reasons stated below, the Court DENIES the parties' motions.

1

## BACKGROUND

Plaintiffs worked as bartenders at WROTB during various times between 2019 and 2023. ECF No. 10 ¶¶ 4–6. Plaintiffs allege that from 2017 through approximately November 2023, the FLSA Defendants maintained a policy whereby all tips earned during a shift or event were pooled and split evenly amongst all staff who worked during the shift, including with unnamed bar supervisors and assistant bar supervisors. *Id.* ¶¶ 14, 16. This tipping practice allegedly ended on November 1, 2023, following a negotiation between WROTB and the Plaintiffs' union. *Id.* ¶ 17.

Shortly after Plaintiffs filed their amended complaint, Plaintiffs filed a Rule 12(c) motion, seeking a judgment against the FLSA Defendants on their first cause of action. ECF No. 13 at 1, 19–21[1] ("Plaintiffs' First 12(c) Motion"). This submission was also filed in opposition to prior defense motions in connection with Plaintiffs' original complaint. *Id.* WROTB and Wojtaszek ("WROTB Defendants") did not respond on the merits to Plaintiffs' First 12(c) Motion, asserting only that it was premature, inasmuch as they had not yet answered the amended complaint, and was otherwise moot. ECF No. 18 at 1–2.[2]

On July 19, 2024, the WROTB Defendants filed an answer to the amended complaint, attaching a number of exhibits, and a Rule 12(c) motion seeking a judgment in their favor on Plaintiffs' first cause of action. ECF Nos. 19, 20 at 1.

---

[1] Unless otherwise indicated, all page references herein are to the consecutively paginated PDF generated by CM/ECF.

[2] The WROTB Defendants have counsel separate from Kiedrowski. Kiedrowski does not have a motion pending before the Court.

2

Plaintiffs filed an opposition and another Rule 12(c) motion seeking a judgment against the FLSA Defendants on their first cause of action. ECF No. 22 at 3 ("Plaintiffs' Second Rule 12(c) Motion").

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021) ("[B]oth plaintiffs and defendants can move for judgment on the pleadings under Rule 12(c)."). "'Pleadings' include both the 'complaint' and the 'answer to [the] complaint.'" *Lively*, 6 F.4th at 301 (quoting Fed. R. Civ. P. 7(a)).

When a defendant seeks dismissal of a complaint under Rule 12(c), courts "apply the same standard as they would to a Rule 12(b)(6) motion . . . ." *Gibilly v. City of New York*, No. 19-cv-11884, 2021 WL 3667981, at *2 (S.D.N.Y. Aug. 17, 2021); *see Lively*, 6 F.4th at 301. Accordingly, "[t]o survive a motion for judgment on the pleadings, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . ." *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023) (quotation omitted).

However, "[w]hen a plaintiff is the movant, courts must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendants, who are the non-movants . . . ." *Lively*, 6 F.4th at 305; *see Gabilly, v. City of New York*, No. 19-cv-11884, 2021 WL 3667981, at *2 (S.D.N.Y. Aug. 17, 2021) (explaining that "a court faced with a 12(c) motion . . . [must] draw all reasonable

inferences in the *non-movant*'s favor.") (quotation omitted). "'[J]udgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.'" *Lively*, 6 F.4th at 302 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedures § 1367 (3d ed. 2021)).

## DISCUSSION

The WROTB Defendants contend that they are entitled to a judgment on the pleadings with respect to Plaintiffs' first cause of action because "documents attached as exhibits A to H of Defendants' Verified Answer to the Amended Complaint" show that the persons alleged to be supervisors in the amended complaint — bar supervisors and assistant bar supervisors — are not "supervisors" or "managers" within the meaning of the FLSA and, therefore, were permitted to be included in the tip pool. ECF 20–4 at 2, 4–5. They maintain that these exhibits "clearly and indisputably establish" that the primary duties of those alleged to be supervisors "were to work alongside Plaintiffs as bartenders and their supervisory duties, at most, rendered them to be low level supervisors who cannot—as a matter of law—be considered supervisors or employers under FLSA." *Id.* at 7, 10.

In contrast, Plaintiffs contend that the bar supervisors were "managers" or "supervisors" under the FLSA because they exercised "substantial managerial authority" over employees. ECF Nos. 13 at 3, 5; 22 at 1. Plaintiffs assert that the documents attached to their motion and the WROTB Defendants' pleading confirm that the bar supervisors had substantial managerial authority. *Id.*

## I. WROTB Defendants' Rule 12(c) Motion

### A. Proper Standard for Assessing a Rule 12(c) Motion

The Court first addresses the WROTB Defendants' contention that their motion should be granted because "the documentary evidence referenced in the Verified Answer and attached to the Verified Answer as Exhibits A through H clearly . . . establishe[s] . . ." that they are entitled to such relief. ECF No. 20-4 at 10; *see also* ECF No. 20 at 2 ("The instant motion—made pursuant to Federal Rule 12(c)—is based on the documentary evidence attached as Exhibits A through H to the Defendants' Verified Answer to Plaintiffs' Amended Complaint."). These exhibits include, inter alia, job descriptions of persons alleged to be supervisors in the amended complaint (Exhibit A), recordings of time spent on certain tasks by persons alleged to be supervisors (Exhibit B), payroll records (Exhibit C), grievance paperwork filed by Plaintiffs' union (Exhibits D), and internal memos (Exhibit F).

The WROTB Defendants rely on *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419 (2d Cir. 2011), for the proposition that in resolving a motion under Rule 12(c), courts consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." However, the WROTB Defendants fail to acknowledge the Second Circuit's clarification in *Lively*, where the court explained that "[its] statement in *L-7 Designs* about the various items courts may consider encompasses the full range of materials, but it does not mean that courts may weigh all such materials at once when deciding a motion on the pleadings." 6 F.4th at 305. To the contrary, *Lively*

explained:

> [O]n a motion for judgment on the pleadings, courts may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice.

*Id.* at 306 (emphasis in original). "[A] court may not resolve the motion by . . . considering evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment." *Id.*

Here, the WROTB Defendants ask the Court to consider all of the exhibits attached to their answer to resolve their 12(c) motion in their favor without addressing *Lively*'s pronouncement that courts may may not resolve a Rule 12(c) motion by considering "evidence extrinsic to the non-movant's pleading without converting the motion to one for summary judgment." *Id.* The WROTB Defendants have not asked for their motion to be converted into a motion for summary judgment, nor have they argued — and the Court does not find — that the exhibits attached to their answer are incorporated by reference into the complaint, are integral to the complaint, or are matters of which the court can take judicial notice. *See Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 123 (S.D.N.Y. 2010) ("To be incorporated by reference, the complaint must make a clear, definite and substantial reference to the documents.") (quotation omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasizing that a document is "integral to the complaint" only if the plaintiff "reli[ed] on the terms and effect of [the] document in drafting the complaint") (cleaned up); *Kramer v. Time Warner Inc.*,

6

937 F.2d 767, 773 (2d Cir. 1991) ("Of course, [the court on a motion to dismiss] may also consider matters of which judicial notice may be taken under Fed.R.Evid. 201."). Accordingly, the Court declines to resolve the WROTB Defendants' Rule 12(c) motion by considering the evidence attached to their answer. *See Lively*, 6 F.4th at 304 (concluding that "the district court erred by relying on several documents attached to [d]efendants' answer in deciding their Rule 12(c) motion without converting it into a motion for summary judgment . . . ."); *Antrobus v. City of New York*, No. 19-cv-6277, 2022 WL 4643018, at *5 (E.D.N.Y. Sept. 30, 2022) (declining to consider exhibits attached to answer on a defendant's Rule 12(c) motion and declining to convert to a motion for summary judgment).

Nevertheless, the Court will assess the WROTB Defendants' motion under the appropriate legal standard, that is whether the amended complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . ." *Goldberg*, 88 F.4th at 210 (quotation marks omitted). "The assessment of whether a complaint's factual allegations plausibly give rise to an entitlement to relief . . . calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal conduct." *Lively*, 6 F.4th at 301 (quotation omitted). "In making this assessment, [the Court] draw[s] all reasonable inferences in [the plaintiffs'] favor." *Id.*

### B. Proper Test for Determining Whether an Employee is a "Manager" or "Supervisor" Under Section 203(m)(2)(B)

Plaintiffs' first cause of action alleges that the FLSA Defendants violated 29 U.S.C. § 203(m)(2)(B) by allowing "managers" or "supervisors" —bar supervisors and

7

assistant bar supervisors — to participate in an employee tip pool. ECF No. 10 ¶¶ 59–63. Section 203(m)(2)(B) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." Any employer who violates Section 203(m)(2)(B) "shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Section 203(m)(2)(B) does not define "manager" or "supervisor." The parties dispute how the terms should be interpreted. The WROTB Defendants contend that the terms "manager" or "supervisor" must be assessed by reference to the following Department of Labor ("DOL") regulations: 29 C.F.R. § 531.52 ("General restrictions on an employer's use of its employees' tips") and 29 C.F.R. § 541.100(a)(2)-(4) ("General rule for executive employees"), whereas Plaintiffs assert that the "economic reality" test is the proper standard by which to analyze the statutory terms. ECF Nos. 13 at 9–11; 20-4 at 6, 11; 22 at 3–5. The Court disagrees with Plaintiffs.

> The "economic reality" test involves consideration of the following factors:
>
> whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

*Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984). Courts use the "economic reality" test to assess whether a person, including a manager, is an "employer" under the FLSA. *See e.g., De Quan Lu v. Red Koi, Inc.*, No. 17-cv-7291, 2020 WL 7711410,

8

at *2 (S.D.N.Y. Dec. 29, 2020) (explaining that the "[*Carter*] factors inform whether a person is an employer, in what has become known as the 'economic reality' test . . . ."); *Chung v. New Silver Palace Rest., Inc.*, 246 F. Supp. 2d 220, 227 (S.D.N.Y. 2002) ("[T]he Second Circuit has applied an 'economic reality test' to determine whether a given individual should be held liable as an employer for violations of the FLSA."); *see also Perez Perez v. Escobar Constr., Inc.*, No. 23-1240-cv, 2024 WL 3594325, at *3 (2d Cir. July 31, 2024) (applying *Carter* factors to conclude that an individual defendant was the plaintiff's employer under the FLSA); *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124, 2015 WL 5813382, at *8 (S.D.N.Y. Sept. 28, 2015) ("[W]hen deciding whether a manager is tip-ineligible, courts must examine the economic reality of the employment relationship to determine whether [the manager is a] statutory employer[ ].).

The "employer" designation is significant because it qualifies who may be liable under the FLSA. *See De Quan* Lu, 2020 WL 7711410, at *2 ("For an individual to be liable under the FLSA, he or she must be an 'employer[.]'"); *see also* 29 U.S.C. § 216(b) ("Any employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages."). An "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Given the breadth of this definition, a purpose of the "economic reality" test is "[t]o limit the broad reach of the statute," which if taken literally,

9

"would support liability against any agent or employee with supervisory power . . . ." *De Quan Lu*, 2020 WL 7711410, at *2. Here, however, Plaintiffs do not allege that the bar supervisors or assistant bar supervisors were their "employers"; nor do they sue them as defendants. Instead, they claim that the certain unnamed bar supervisors were a different type of employee (i.e., "managers" or "supervisors,"), ECF No. 10 ¶¶ 19–22, and that the FLSA Defendants (WROTB, Wojtaszek, and Kiedrowski) were their "employers," *see id.* ¶¶ 12, 61; ECF No. 13 at 19. Accordingly, based on the foregoing, the "economic reality" test is not the appropriate test to apply to determine whether certain WROTB employees were "managers" or "supervisors."

Section 203(m)(2)(B) was added to the FLSA in March of 2018 as part of the Consolidated Appropriations Act of 2018. *Houtz v. Paxos Rests.*, No. 23-cv-00844, 2024 WL 4336738, at *2 (E.D. Pa. Sept. 27, 2024); *see Nwajei v. E&E of Five Towns, Inc.*, No. 23-CV-5541, 2024 WL 3522108, at *6 (E.D.N.Y. July 9, 2024), *report and recommendation adopted*, No. 23-CV-5541, 2024 WL 3520633 (E.D.N.Y. July 24, 2024) (explaining that Section 3(m) of the FLSA was amended in 2018 to include Section 203(m)(2)(B)). Although Congress did not define "managers" or "supervisors" under the statute, "Department of Labor regulations have . . . filled in [the] statutory gap." *Nwajei*, 2024 WL 3522108, at *6 (applying DOL regulations to interpret "tip" and "service charge") (citation omitted). The applicable regulations promulgated by the DOL provide that, under 29 U.S.C. § 203(m)(2)(B), "the term 'manager' or 'supervisor' shall mean any employee whose duties match those of an executive employee as described in § 541.100(a)(2) through (4) or § 541.100 of this chapter." 29

C.F.R. § 531.52(b)(2); *see* Wage and Hour Division, Department of Labor Opinion Letter ("DOL Opinion Letter"), 2025 WL 243158, at *1 (Jan. 14, 2025) ("The Department's regulations implementing section 3(m)(2)(B) define a manager or supervisor who may not keep tips as an employee who meets the executive employee duties test at 29 C.F.R. §§ 541.100(a)(2)-(4)."). The Court will apply these regulations to analyze whether Plaintiffs' complaint plausibly alleges that the FLSA Defendants allowed "managers or supervisors" to participate in an employee tip pool in violation of Section 203(m)(2)(B). *See Bauer v. Rufe Snow Inv., LLC*, No. 21-cv-2250, 2023 WL 2842869, at *5–6 (N.D. Tx. April 7, 2023) (applying 29 C.F.R. § 541.100(a)(2)–(4) to interpret "managers or supervisors" under 29 U.S.C. § 203(m)(2)(B)); *Hoffman v. Bear Chase Brewing Co., LLC*, No. 21-cv-1443, 2023 WL 2352926, at *3–6 (E.D. Va. Mar. 3, 2023) (same).

The Court understands that since the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo,* 603 U.S. 369 (2024), terminating the era of *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U. S. 837 (1984), "the importance of agency interpretations of statutes is much diminished." *Art & Antique Dealers League of Am., Inc. v. Seggos*, 121 F.4th 423, 435 (2d Cir. 2024) ("In the post-*Chevron* era, regardless of whether a statute is deemed to be ambiguous or unambiguous, interpretation of the statute is a question of law, and accordingly, it is the court, and not the administrative agency, that determines its meaning."). While the Court is not required to defer to the agency's interpretation, a court may still be "persuaded by the correctness of the agency's interpretation[,]" *id.*, which it is here.

11

The Court finds relevant that in Section 203(m)(2)(B), Congress differentiated between "employers" on the one hand and "managers" or "supervisors" on the other, which suggests that Congress intended for the former to be defined differently than the latter. Moreover, while there is a large body of case law in the Second Circuit interpreting the definition of "employer" under the FLSA, the analysis addressing "managers" or "supervisors" as distinct from "employer" is not as robust. The DOL's definition of "managers or supervisors" focuses on "duties that are commonly understood to be assigned to 'managers' and 'supervisors[,]'" *Hoffman v. Bear Chase Brewing Co.*, LLC, No. 21cv1443, 2023 WL 384293, at *8, (E.D. Va. Jan. 18, 2023), *report and recommendation adopted by*, 2023 WL 2352926 (E.D Va. Mar. 3, 2023), and establishes clear rules to guide the Court's analysis.

### C. Application of "Primary Duties" Test

Pursuant to 29 C.F.R. § 541.100 (a)(2)–(4):

(a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee: . . .

> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
> (3) Who customarily and regularly directs the work of two or more other employees; and
>
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

"Consideration of these factors is a highly fact-intensive inquiry, to be made on a case-by-case basis in light of the totality of the circumstances. *Yeh v. Han Dynasty, Inc.*,

12

No. 18 CIV. 6018, 2020 WL 883501, at *7 (S.D.N.Y. Feb. 24, 2020).³

"'Primary duty' is defined as 'the principal, main, major or most important duty that the employee performs.'" 29 C.F.R. § 541.700(a). The primary duty is "based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole," including such factors as "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.*

The DOL "has set forth a non-exhaustive list of activities that constitute 'management.'" *Yeh*, 2020 WL 883501, at *8. Such activities include:

> interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining the techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

---

³ This is the same test used to determine whether an employee is exempt from the FLSA's overtime and minimum wage protections because they are employed in a bona fide executive capacity. DOL Opinion Letter, 2025 WL 243158, at *1; *see e.g.*, *Stih v. Rockway Farmers Market, Inc.*, No. 22-CV-3228, 2023 WL 2760492, at *3 (E.D.N.Y. Apr. 3, 2023); *Hoxhaj v. Michael Cetta, Inc.*, No. 21-cv-6486, 2023 WL 3455444, at *2–3 (S.D.N.Y. May 15, 2023). However, for the reasons stated herein, the Court finds that it is also the proper test to apply to assess whether employees are 'managers" or "supervisors" under Section 203(m)(2)(B).

29 C.F.R. § 541.102.

Here, in applying 29 C.F.R. § 541.100(a)(2)–(4), the Court finds that Plaintiffs have pleaded sufficient facts to plausibly allege that the FLSA Defendants violated Section 203(m)(2)(B) by including bar supervisors and assistant bar supervisors in an employee tip pool. Specifically, Plaintiffs allege that certain unnamed bar supervisors directed the work of "bar staff," which, when viewed in Plaintiffs' favor, presumably includes two or more employees, ECF No. 10 ¶¶ 20–21; the bar supervisors had the power to hire and fire bar staff, *id.*; and that they possessed other significant management responsibilities, such as: disciplining, evaluating, and training bar staff and setting the bar staffs' hours of work. *Id.* The complaint further alleges that the bar supervisors were not part of Plaintiffs' union, which suggests, when viewed in Plaintiffs' favor, that they were not considered bartenders. *Id.* These alleged facts "'create the reasonable expectation that discovery will reveal evidence [supporting the claim.]'" *Markovic v. Milos Hy, Inc.*, No. 22-cv-1412, 2023 WL 4763807, at *8 (S.D.N.Y. 2023) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (denying motion to dismiss improper tip retention claim and explaining that an "FLSA complaint need not plead a violation with particularity[.]"); *see Van Duser v. Tozzer Ltd.*, No. 23-cv-9329, 2024 WL 463 5495, at *2 (S.D.N.Y. Oct. 31, 2024) ("Though the complaint contains its fair share of boilerplate language, it offers at least some factual detail warranting discovery.").[4]

---

[4] As an alternative holding, even if the "economic reality" test were used to assess whether bar supervisors qualified as "managers" or "supervisors" under 29 U.S.C. § 203(m)(2)(B), the Court would still find that Plaintiffs have pleaded sufficient facts to survive the dismissal of their first cause of action. Plaintiffs sufficiently allege that the bar supervisors had the power to hire and fire bar staff

## II. Plaintiffs' Rule 12(c) Cross-Motions

Plaintiffs have filed two Rule 12(c) motions seeking a judgment on their first cause of action. ECF Nos. 13, 22. Although the WROTB Defendants assert that Plaintiffs' First Rule 12(c) Motion is either premature or moot, ECF No. 20-4 at 3, the Court need not address this procedural argument because Plaintiffs' motions are without merit.

Here, Plaintiffs are not entitled to a judgment on the pleadings because the WROTB Defendants deny the material allegations in their answer. *See e.g.*, ECF No. 19, ¶¶ 8–9, 16 ("Defendants DENY that two of the persons referred to in paragraph 16 of the Complaint as 'supervisors' . . . are in fact 'supervisors' within the mean of the FLSA"); *see Gabilly*, 2021 WL 3667981 (finding that "[m]ere denials . . . are all that is required of Defendants" to defeat a plaintiff's Rule 12(c) motion). Furthermore, the question of how the bar supervisors spent their working time "is a question of fact," *Elghourab v. Vista JFK, LLC*, 818 F. App'x 63, 66 (2d Cir. 2020), which cannot be resolved at this stage of the proceeding. *Lively*, 6 F.4th at 301 ("[W]here a question of fact is in dispute, it is improper for the district court to answer it on a motion for dismissal on the pleadings.") (quotation and brackets omitted). Accordingly, Plaintiffs are not entitled to a judgment on the pleadings. *See Gabilly*, 2021 WL 3667981 (denying the plaintiffs' Rule 12(c) motion after "accept[ing] the veracity of

---

(ECF No. 10 ¶¶ 20–21), supervised and controlled the work schedules or conditions of employment of bar staff (*id.*), and maintained employment paperwork of the bar staff (*id.*). "No one of the four factors standing alone is dispositive, and the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Perez Perez*, No. 23-1240-cv, 2024 WL 3594325, at *2 (quotation omitted). While the Court finds that Plaintiffs' allegations recite boilerplate language, the amended complaint "offers at least some factual detail warranting discovery." *Van Duser,* 2024 WL 463 5495, at *2.

Defendants' denial and draw[ing] all reasonable inferences in their favor.").

## CONCLUSION

For the reasons stated above, the Court DENIES the pending cross motions under Rule 12(c) of the Federal Rules of Procedure (ECF Nos. 13, 20, 22).

The case is referred to Magistrate Judge Hon. Mark W. Pedersen. The Magistrate Judge is hereby designated to act in this case as follows: Pursuant to 28 U.S.C. Section 636(b)(1)(A) and (B), all pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the District Judge. All non-dispositive motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. The parties are encouraged to consider the provisions of 28 U.S.C. Section 636(c) governing consent to either partial or complete disposition of the case, including trial if necessary, by the Magistrate Judge. Consent forms are available from the office of the Magistrate Judge or the office of the Clerk of Court.

SO ORDERED.

DATED:   August 18, 2025
         Rochester, New York

_/s/ Meredith Vacca_
HON. MEREDITH A. VACCA
United States District Judge